## BABCOCK *vs.* HILL.

An action pending in a justice's court being adjourned after the trial had commenced, before a jury, only five of the jurors appeared, at the adjourned day; the sixth being unable to attend, by reason of illness. The defendant refused to try the cause before the jurors who appeared, objected to the issuing of a new venire returnable forthwith, and refused to have a talesman called. The jury was dismissed, at his request, and he applied for an adjournment on account of the absence of witnesses, but did not show that he had made any effort to procure their attendance. The justice offered to grant an adjournment on terms, but the defendant refused to comply with the terms. *Held* that the justice was right in refusing an adjournment, and trying the cause without a jury; the defendant's conduct amounting to a waiver of a jury.

APPEAL from a judgment of the Steuben county court, reversing a judgment of a justice of the peace.

*George B. Bradley,* for the appellant.

*George T. Spencer,* for the respondent.

*By the Court,* WELLES, J. The only allegation of error in the judgment before the justice, worthy of consideration, is his trying the cause without a jury after one had been demanded by the defendant. The defendant had procured a venire, upon which a jury had been summoned and empanneled, and the trial had commenced and probably been nearly

Babcock *v.* Hill.

concluded, when, on motion of the defendant, it was adjourned from March 17th to April 3d, when only five of the jurors answered on their names being called, it appearing that the other one was unable to attend court by reason of sickness. The defendant refused to try the cause before the five jurors who appeared, and objected to a new venire, and also refused to have a talesman called. At this point the justice, at the defendant's request, dismissed the five jurors, the defendant paying them. The plaintiff then insisted upon the cause being tried immediately, and requested the defendant to take out a new venire and have it returned immediately. The defendant objected and wanted an adjournment, and had a witness sworn relative to the absence and materiality of two witnesses living eight miles off, and who had not been subpoenaed, and it appeared that the defendant had made no effort to procure their attendance. The justice decided the defendant might have an adjournment upon terms, (i. e.) by paying $1.75 to the plaintiff, being the amount of his fees for his witnesses who were proved to be in attendance and material. The defendant refused to comply with these terms. The plaintiff still insisted upon going on with the suit, and consented that a venire be issued, returnable forthwith, to which the defendant objected. The defendant further objected to the plaintiff's proceeding immediately in the action, still insisting that the cause must be tried by a jury, but only on an adjourned day, and said if the plaintiff went on he did so at his peril, and he would withdraw. The justice offered the defendant a new venire returnable forthwith, which was refused. The plaintiff then insisted on going on before the court without a jury, which was permitted. On a witness being called and sworn for the plaintiff, the defendant withdrew from the court.

This narrative of the proceedings on the 3d of April, so far, is taken almost literally from the return of the justice.

In my opinion, the defendant did not make out a case for an adjournment on the 3d of April. The witnesses whom he

Babcock *v.* Hill.

wanted had not been subpœnaed, and no effort or diligence had been used to procure their attendance. If the justice had denied the adjournment, upon any terms, he would have been entirely justifiable. No reason was given why the witnesses had not been subpœnaed, and the case is certainly no better for the defendant in consequence of the justice offering him an adjournment on the terms mentioned. And I think the conduct of the defendant, on the occasion, amounted to a waiver of a jury. He had taken one venire, which had proved abortive by the sickness of one of the jurors after the trial had commenced. The justice properly held that there should be no further adjournment after the defendant had refused to comply with the terms imposed. The justice then offered to issue a venire returnable forthwith, which was consistent with his determination not to adjourn. This offer the defendant refused. He had immediately before this insisted that the cause must be tried by a jury, but only on an adjourned day. It is to be understood that if the cause was not to be adjourned but was to be tried then, the defendant did not want a jury. This is the fair and reasonable intendment of his conduct and claims and refusals. If so, it was a waiver of the only jury or of a jury under the only circumstances he had a right to demand one. Indeed he expressly objected to have a jury on that day, and it was on that day that the cause was to be tried.

We therefore think the judgment of the justice was right, and should be affirmed; and that the judgment of the county court reversing it should be reversed.

[MONROE GENERAL TERM, March 5, 1860. *Welles, Smith* and *Johnson,* Justices.]